UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

PAUL ZAPATA, JR.,

    Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner,
Social Security Administration,

    Defendant.

Case No. C08-5670BHS-KLS

REPORT AND RECOMMENDATION TO DENY APPLICATION TO PROCEED *IN FORMA PAUPERIS*

Noted for December 12, 2008

This case has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1) and Local Magistrate Judges' Rule MJR 3 and 4. This matter comes before the Court on plaintiff's filing of an application to proceed *in forma pauperis* and a complaint to review and set aside a decision of the Social Security Administration under 42 U.S.C. § 405(g). Because plaintiff's application indicates he has sufficient income with which to pay the $350.00 filing fee, the undersigned recommends that the Court deny the application.

## DISCUSSION

The Court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). However, the Court has broad discretion in denying an application to proceed *in forma pauperis*. Weller v. Dickson, 314 F.2d 598 (9th Cir. 1963), *cert. denied*, 375 U.S. 845 (1963).

By requesting the Court to proceed *in forma pauperis*, plaintiff is asking the government to incur the filing fee because he allegedly is unable to afford the costs necessary to proceed with his cause of action. In his application, plaintiff states he receives a total of $2,740 per month in disability benefits from the United States Department of Veterans Affairs. Plaintiff further indicates in his application that "[a]fter expenses" – which also appears to include the $227.00 he pays in child support per month – he has $200.00 in his checking account and $130 in his savings account.

While the undersigned recognizes that $2,740 per month in disability benefits does not constitute a substantial income, it does not seem unreasonable to expect him to pay the required filing fee. Indeed, it appears from plaintiff's statements that he retains on a monthly basis nearly the full amount of the Court filing fee in his checking and savings accounts after all expenses are paid.

## CONCLUSION

Because it is reasonable for plaintiff to incur the costs to proceed with this cause of action, the undersigned recommends that the Court deny his application to proceed *in forma pauperis*. Accordingly, the undersigned also recommends that the court order plaintiff to pay the required filing fee **within thirty (30) days** of the Court's order.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedures, the parties shall have ten (10) days from service of this Report and Recommendation to file written objections thereto. See also Fed.R.Civ.P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed set this matter for consideration on **December 12, 2008**, as noted in the caption.

Dated this 18th day of November, 2008.

Karen L. Strombom
United States Magistrate Judge